(Supreme Court, Appellate Division, Third Department.    July 1, 1915.)

RAILROADS ☞134—LEASES—CONSTRUCTION—"INCOME TAX"—DUTY TO PAY.

In 1871 a corporation leased its railroad property to another corporation, which agreed to pay a small cash rental to the lessor and 8 per cent. dividends on the lessor's capital stock directly to the lessor's stockholders. The lease also required the lessee to pay all taxes levied on the property demised and on the business done by the railroad, but provided that it should not be required to pay the present income tax on the dividends, or any tax thereon imposed or thereafter to be imposed by whatever name it might be called. The federal officials, in levying the income tax under the 1913 law (Act Oct. 3, 1913, c. 16, 38 Stat. 114), treated the income from the dividends as part of the lessor's income and levied the tax accordingly, thereby exempting the stockholders from any liability for an income tax on such dividends. The lessor sues to compel the lessee to repay to it the amount of such tax. *Held*, that the present income tax clearly came within the spirit of the clause exempting the lessee from paying the "income tax," and could not be considered a tax on the property or business, since the lessee was obliged to pay it, regardless of the income derived from the operation of the railroad.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 423–433; Dec. Dig. ☞134.

For other definitions, see Words and Phrases, Income Tax.]

Appeal from Trial Term, Rensselaer County.

Action by the Rensselaer & Saratoga Railroad Company against the Delaware & Hudson Company. From an interlocutory judgment overruling demurrer to the complaint (88 Misc. Rep. 639, 152 N. Y. Supp. 376), the defendant appeals. Reversed, and complaint dismissed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Walter C. Noyes, of New York City (W. D. Waldron, of New York City, on the brief), for appellant.

G. B. Wellington, of Troy, for respondent.

JOHN M. KELLOGG, J. This action is brought to recover the amount paid by the plaintiff as an income tax upon the rental to be paid by the defendant as lessee to the plaintiff's stockholders, upon the theory that by the lease between the parties the payment of such tax was assumed by the defendant. From the judgment in favor of the plaintiff therefor, the defendant brings this appeal. The lease was made May 1, 1871. A supplement was made May 19, 1874, which does not affect the question at issue.

The plaintiff leased in perpetuity its railroads, and all of its property and rights, excepting its cash on hand, to the defendant; the plaintiff agreeing to maintain its corporate existence, and the defendant to maintain the property and to pay as a rental therefor, among other things, $1,000 to enable the plaintiff to continue its corporate existence, the interest upon its bonds and 8 per cent. dividends upon its capital stock, the payment of such interest and dividends to be made directly by the defendant to the plaintiff's bondholders and stockholders. The lessee also agreed in the eighteenth subdivision to—

"pay, bear, and discharge all taxes and assessments of every description, assessed, imposed, levied, and accruing upon the railroads, property, and effects hereby demised, and upon the business done upon the said railroads from the day of the date hereof; in the same manner and to the same extent as the party of the first part would be liable to pay if these presents had not been executed. And if by any change of the law the present tax or duty required of the said party of the first part shall be required of the said stockholders, then the said party of the second part shall pay the same."

We quote the nineteenth subdivision of the lease:

"19. But the party of the second part [the lessee] shall not be required to pay the present income tax upon the aforesaid interest and dividends, or any tax thereon imposed, or hereafter to be imposed, by whatever name the same may be called. And if the law under which the tax is or may be levied requires the party of the second part to pay the same, then the amount of tax so paid may be deducted and kept back from and out of the aforesaid interest and dividends."

It was clearly the intent of the parties at the time that the federal income tax should not be paid by the lessee as a part of the rental, but should be borne by the lessor or its stockholders. Two and one-half per cent. of the dividend was therefore to be paid by the lessee to the United States government as an income tax; the balance to the stockholders. The lease was particular to state that, if the manner of the payment of such tax was changed, it should not affect the situation. It would seem to follow, when the income tax was abolished and a like income tax was afterwards imposed, that it is fairly within the spirit of the lease that the lessee should not pay such tax, but that in some manner it should be borne by the lessor or its stockholders.

It is urged, however, that the exemption as to the income tax only related to the tax then existing, and does not relate to the income tax imposed by the Act of Congress of October 3, 1913 (38 Stat. 114, c. 16). There is a broad distinction between a tax upon leased property

and an income tax upon the rental. An income tax is not a tax upon specific property, but is a tax upon the annual net gain of the individual or corporation received from its business, the use of its property, or otherwise. The obligation of a tenant to pay taxes upon demised property rests solely upon the terms of the lease. In the absence of an agreement upon that subject they must be borne by the landlord. By the eighteenth subdivision of the lease the tenant agrees to pay the taxes levied and imposed upon the demised property. This income tax is clearly not a tax imposed upon that property. The tenant is also to pay the tax upon the business done upon the said railroads. The lease assumed, and probably correctly, that at the time there was a tax upon the business done by the railroads, or upon their earnings, and contemplated that a change in the law as to the manner of levying that tax should not affect the defendant's liability. This income tax is not the tax referred to as the tax upon the business done. The dividends to be paid by the defendant bear no relation to the business done, and must be paid, whether the operation of the road is profitable or unprofitable. If the road is not operated, or is operated at a loss, the defendant must still pay the rental. The rental does not come from the earnings of the road, but is a direct obligation upon the defendant company for which the earnings from its other property, and all of its property, is liable. It is true for a nonpayment of the rental the lease may be forfeited, but the rental is a general liability against the defendant company, without reference to the earnings of the leased property.

The income tax is based, not upon the earnings of the roads, but upon the amount of rental agreed to be paid, and is the same whether the earnings are large or small. It is a tax arising, not from the business of the roads, but from the lease. The plaintiff is in receipt of a net income under the lease, upon which the government of the United States has imposed a tax. Subdivision 19 has made clear the intent of the parties that a tax of the nature of the then income tax is not a tax contemplated by subdivision 18. The fact that for many years the plaintiff and its stockholders were relieved from an income tax is no reason why, when such a tax is again imposed (but for a less amount), they should ask the defendant to pay it. It is a tax of like nature, taking the place of the former tax, and the exemption of subdivision 18 makes it clear that the intention of the parties was that it must come from the plaintiff or its stockholders, and not from the defendant. The lease contemplates that the amount of the dividends payable to the stockholders will be decreased by whatever income tax may be imposed upon account of such dividends. The plaintiff having paid the tax, the burden falls upon the stockholders. The United States authorities treated the dividends payable to the stockholders as income of the plaintiff corporation; the argument has proceeded upon that theory, and we have so considered it.

Another view, however, may be taken of the situation, and confirms the result we have arrived at. The plaintiff corporation is living but a limited life. It has permanently divested itself of all of its property except a little cash, and only continues in existence for the purpose of enforcing the terms of the lease for the benefit of its stockholders and

to enable the lessee to obtain the benefits of the leased property. The plaintiff may retake the property, if the lessee fails to make the payments to the stockholders and bondholders as agreed, or violates other conditions of the lease. It has arranged that the benefits of the lease shall be paid to the stockholders, and not to the company itself; and in that sense, perhaps, it has no income subject to an income tax, except the $1,000 per year cash rental and the income it receives from the investment of the small amount of cash it retained. In this view of the matter the stockholders as such are the only substantial beneficiaries of the lease, and the income from the lease comes to them. The dividend which the stockholders receive under the lease as rental is the income of the stockholders, and as such is subject to the income tax. Subdivision 2 B of section 2 of the Income Tax Law makes all the income of an individual subject to the tax, with certain exceptions. The seventh exception is:

"The amount received as dividends upon the stock or from the net earnings of any corporation, joint-stock company, association, or insurance company which is taxable upon its net income as hereinafter provided." U. S. Comp. St. 1913, § 6322.

According to the true spirit of the act, these dividends are not fairly within this exception. If the tax is paid at the source, the dividend is lessened by the amount of the tax in the same way as during the first year of the lease. If the lessee pays this income tax, it is paid for the benefit of the party receiving the income, and it is deducted from the amount payable. The United States authorities have treated the tax as payable from the plaintiff, rather than a tax to be paid at the source. The details are unimportant. The fact remains that according to the terms of the lease, and the intention of the parties as gathered from the lease, the lessee is not to pay the income tax, but it is to fall ultimately upon the plaintiff's stockholders. The burden now, in substance, rests upon them. So far as the tax paid represents the cash rental paid to the plaintiff and the income received by the plaintiff on the investment of its cash, the liability of the plaintiff is clear. Whether the remainder of the tax should have been paid at the source and deducted from the income, or whether it is paid by the plaintiff and in that way put upon the stockholders, is not of particular interest here. In the end it falls upon them.

The judgment should therefore be reversed, with costs, and the complaint dismissed, with costs. All concur.