Rensselaer and Saratoga Railroad Company, Appellant, Respondent, *v.* The Delaware and Hudson Company, Respondent, Appellant, Impleaded with Roscoe Irwin, as Collector of United States Internal Revenue, Fourteenth District, State of New York, Respondent.

Third Department, May 4, 1921.

Railroads — lease of one railroad by another railroad — rental fixed at certain amount in cash and guaranty of dividends on stock of lessor of stated percentum — indorsement of substance of lease on certificates constitutes notice to stockholders of manner of paying rent — lease valid — Federal income tax against lessor paid by lessee deductible proportionately from dividends — payment of part of income tax from reserve of lessor inequitable.

The indorsement on the certificates of stock of the plaintiff of an agreement by the defendant railroad company to pay eight per cent dividends as a part of the consideration of a lease by the plaintiff to the defendant of

its property, constituted a notice to the shareholders of the plaintiff that the dividend to be paid is the rental for the property and subject to the terms of the lease.

The Federal income tax levied on the plaintiff was levied upon account of the rental and, if the law required the lessee to pay it, the lease permitted the amount to be deducted from the dividends.

The lease did not contemplate the payment of dividends unearned, or a withdrawal of capital, and is valid.

According to the real spirit of the lease, a situation arises, where, considering the equitable rights of the parties in interest, the tax must be paid by the lessee, to be reimbursed by a deduction from the dividends.

Inasmuch as some of the stockholders have consented to a diminution of their dividends on account of the income tax it would be inequitable to pay the balance of the tax from a reserve held by the lessor, for the burden should fall equally on all the stock and no stockholder should bear the burden of more than his just proportion.

APPEAL by the plaintiff, Rensselaer and Saratoga Railroad Company, from so much of an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Rensselaer on the 18th day of August, 1920, as amends an order made at the Ulster Special Term and entered in the office of the clerk of the county of Rensselaer on the 19th day of June, 1920, denying plaintiff's motion to dismiss the action as to the defendant Roscoe Irwin.

Appeal by the defendant, The Delaware and Hudson Company, from an order of the Supreme Court, made at the Ulster Special Term and entered in the office of the clerk of the county of Rensselaer on the 19th day of June, 1920, overruling defendant's demurrer and directing judgment for the plaintiff on the pleadings, and also from an order of the Supreme Court made at the Albany Special Term and entered in the office of the clerk of the county of Rensselaer on the 18th day of August, 1920, amending said first order.

*Walter C. Noyes,* for the defendant The Delaware and Hudson Company.

*Seymour Van Santvoord* and *G. B. Wellington,* for the plaintiff.

*D. B. Lucey, United States District Attorney,* submits brief for the Internal Revenue Collector.

JOHN M. KELLOGG, P. J.:

The plaintiff, in 1871, leased in perpetuity its railroad to defendant Delaware and Hudson Company, which was to pay as rental $1,000 to plaintiff to enable it to maintain its corporate existence and to pay to the plaintiff's stockholders a dividend of eight per cent upon their stock. The lease covered all the plaintiff's property except $75,000 in cash. Apparently it received an income of $3,680, in 1918, outside of the lease. The said defendant, as required by the lease, indorsed upon each certificate of stock issued by the plaintiff an agreement to pay the dividend to the stockholder, subject to the conditions and provisions of the lease. The indorsement, in substance, has the same effect as if the lease itself were indorsed upon each certificate of stock, so that the stockholder is not misled, but is charged with knowledge that the dividend to be paid is the rental due to the plaintiff for the use of the leased property and may be decreased as permitted by the lease.

A Federal income tax was levied against the plaintiff, for the year 1916, of $14,407.80, on account of which some of the stockholders consented that said defendant should deduct their proportionate share from their dividends of that year and pay their proportion of said tax, which was done. Some of the stockholders refused to permit such deduction, and there is $2,573.07 of said tax remaining unpaid. The income tax for 1917 was $43,926.70, of which $35,591.59 was paid in like manner, leaving a balance unpaid of $8,335.11. For the year 1918 the income tax was $87,184.79, of which $37,690.23 was paid in like manner, leaving unpaid $49,494.56. Since then there has been assessed on account of income taxes against the plaintiff, for the years 1914, 1915, 1916 and 1917, $6,335.20, and this action was brought to obtain the judgment of the court that said defendant pay the balance unpaid on account of said taxes, deducting it from the dividends.

This income tax is the debt of the plaintiff and not of said defendant. (*Rensselaer & Saratoga R. R. Co.* v. *D. & H. Co.,* 168 App. Div. 699; 217 N. Y. 692.) Upon the former appeal we considered that the tax was levied upon account of the rental and that, if the law required it to be paid by said defendant, the lease permitted the amount paid to be deducted from the

dividends. We are satisfied with that conclusion, and it must control the rights of the parties here. The Special Term considered that the lease contemplated the payment of dividends unearned, or a withdrawal of capital, and was, therefore, invalid. We do not concur in that view, but consider the lease valid. As matter of fact the income tax must be paid, and if not paid by the lessor the lessee will be caused serious inconvenience in the use of the leased property. According to the real spirit of the lease, a situation arises where, considering the equitable rights of the parties in interest, the tax must be paid by the defendant, on account of plaintiff, to be reimbursed by a deduction from the dividends. This seems to be the only available way to realize the tax without a destruction of the property and of the rights of the lessor and the lessee therein.

It may be assumed from the complaint that the plaintiff has $75,000 cash on hand; but upon the argument it was assumed that it was substantially used up. If the plaintiff has $75,000 in cash, it would be sufficient to pay the balance unpaid upon the taxes; but manifestly it would be inequitable to use that money to pay the arrears of taxes when most of the holders of stock have discharged the greater part of the tax. Justice requires that the tax be paid and deducted *pro rata* from the dividends payable to the stockholders, after using other available means on hand. If the question only related to the balance unpaid on the taxes, and the $75,000 is on hand, it might not be necessary to call upon the stockholders to submit to a reduction of their dividend. But apparently that is not the fact. The defendant owns such a large part of the plaintiff's stock that it is evident that it has paid a great part of the taxes which have been paid and has submitted to a diminution of its dividends on account thereof. All the stock should bear an equal burden. If the entire tax is paid by money belonging to the plaintiff, the burden would fall equally upon all the stock; if it is to be paid part by money on hand and part by deduction from dividends, then the judgment will be so framed that the entire tax shall fall upon all the stock alike. No stockholder should bear the burden of more than his just proportion. It is impossible equitably to determine the rights of the parties upon the facts

now before the court.   It is clear, however, that the plaintiff is entitled to some relief and that judgment should not have been directed.   It should be left for a trial to develop the facts so that the court could grant proper relief.

It will be matter for consideration of the parties interested whether or not it is necessary to have all the stockholders before the court; we express no opinion about that subject. If there is a defect in that respect, it should have been raised by answer or demurrer; otherwise the objection is waived and the court may proceed to judgment unless it chooses to bring them in.   We do not feel called upon to do that, as the issue is not yet framed or fairly foreshadowed.   If the proper application to bring in the stockholders were pending, it would naturally be favorably considered unless serious prejudice would result, as the court ordinarily permits parties to present their cases to it in their own way so far as they fairly keep within the rules of practice.

The order should be modified by striking out the direction of judgment for the plaintiff and in place thereof giving the plaintiff right to amend its complaint, within twenty days, and giving the defendant right to answer said complaint within twenty days after amendment, or if not amended to answer the present complaint within ten days after the plaintiff's time to amend the complaint expires; and as modified affirmed, with costs to appellant to abide event.

All concur.

Order modified by striking out the direction of judgment for the plaintiff and in place thereof giving the plaintiff right to amend its complaint within twenty days, and giving the defendant right to answer said complaint within twenty days after amendment, or if not amended to answer the present complaint within ten days after the plaintiff's time to amend the complaint expires; and as modified affirmed, with costs to appellant to abide event.